UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LEN DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-00467-JPH-DLP |
| | ) |
| CHARLES A. DANIELS, | ) |
| DANIEL RUPSKA, | ) |
| DOUG SHEPHERD, | ) |
| JANE/JOHN DOES, | ) |
| | ) |
| Defendants. | ) |

**O<u>RDER</u>**

This matter comes before the Court on the Plaintiff's Motion for Leave to File First Amended Complaint, Dkt. [70]. The Motion was referred to the Undersigned for ruling and, for the reasons that follow, is hereby **DENIED**.

**I.     Background**

Plaintiff is a prisoner currently housed at the United States Penitentiary – Terre Haute (USPTH). Plaintiff filed a Motion for Leave to File First Amended Complaint on September 27, 2019. He requests leave to amend his complaint to substitute the United States of America as a Defendant in place of Defendant Douglas Shepherd and to "clarif(y) an additional cause of action against the United States under the Federal Torts Claims Act (FTCA)." (Dkt. 70 at 1). Defendants filed a response in opposition, arguing that the proposed amendment is futile because it is time-barred and that permitting the amendment would cause prejudice and delay. (Dkt. 71). The Plaintiff filed a reply, reasserting that good cause exists under

Rule 15 to permit the amendment, that the amendment is not time-barred, and that no prejudice will occur. (Dkt. 77).

II.     **Factual Summary**

On October 6, 2017, Plaintiff filed his Complaint in this Court against Current Warden of USPTH Jeffrey Krueger, Former Warden of USPTH Charles Daniels, Health Director Andrew Rupska, Chief Dental Officer Douglas Shepherd, and Nurse T. McDaniel. (Dkt. 1). Plaintiff alleges that the Defendants, in their individual and official capacities, had been deliberately indifferent to his serious medical need of severe tooth pain. (Id). On March 23, 2018, the United States of America, as an interested party, filed a notice to the Court that service had not yet been completed on the Defendants. (Dkt. 9). On June 7, 2018, Chief Judge Magnus-Stinson issued an order to show cause as to why the Plaintiff's claims against the Defendants should not be dismissed for lack of service. (Dkt. 10). On June 21, 2018, Plaintiff filed proof of service on all five Defendants and indicated that Assistant United States Attorney Shelese Woods ("AUSA Woods"), on behalf of the United States, had agreed to accept belated service of the Complaint in lieu of the case being dismissed. (Dkts. 11-16).

On August 6, 2018, the United States of America, "on behalf of current and former Bureau of Prisons employees Jeffrey Krueger, Charles Daniels, Daniel Rupska, Douglas Shepherd, and T. McDaniel," requested an additional 60 days for the Department of Justice to determine whether it would represent the Defendants and to answer the complaint. (Dkt. 18). That request was granted on August 8,

2

2018. (Dkt. 19). On October 2, 2018, the United States of America, "on behalf of current and former Bureau of Prisons employees Jeffrey Krueger, Charles Daniels, Daniel Rupska, Douglas Shepherd, and T. McDaniel," requested an additional 30 days for the Department of Justice to determine whether it would represent the Defendants and to answer the complaint. (Dkt. 21). That request was granted on October 5, 2018, giving the Defendants until November 5, 2018 to answer the complaint. (Dkt. 22).

AUSA Woods filed answers on behalf of all five Defendants on November 5, 2018. (Dkts. 25, 27, 29, 31, 33). By stipulation of dismissal, Warden Krueger and Nurse McDaniel were dismissed from the case on November 13, 2018. (Dkts. 38, 39). The parties participated in an initial pretrial conference on December 7, 2018. (Dkt. 44). The parties' case management plan, which was filed by the Plaintiff on November 5, 2018, identified Defendant Douglas Shepherd as "a Captain in the Public Health Service" and stated that he "is immune from liability." (Dkt. 34 at 2). The plan was approved by the Court on December 27, 2018. (Dkt. 45).

Over the next nine months, the parties requested and received numerous extensions of time related to various case management deadlines, especially with regard to expert disclosures. (Dkts. 55, 57, 62, 63, 68).

On June 10, 2019, Defendant Shepherd responded to the Plaintiff's Interrogatories that he was "employed as a dentist with the United States Public Health Services (sic) and is therefore immune from liability." (Dkt. 70-2 at 2). At Defendant Shepherd's deposition on August 13, 2019, he testified that he was

3

employed by the Public Health Service, a branch of the military. (Dkt. 71 at 3).

On September 27, 2019, Plaintiff filed the present Motion for Leave to File First Amended Complaint. (Dkt. 70). Defendants filed their response on October 11, 2019, (Dkt. 71), and Plaintiff filed a Reply on October 25, 2019. (Dkt. 77).

**III.  Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) governs that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). However, where the proposed amendment would be futile, the Court may deny leave to amend. *Runnion ex el. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 520 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). This Rule, however, is somewhat restricted when a scheduling order has been entered. *Alioto v. Town of Libson*, 651 F.3d 715, 719 (7th Cir. 2011).

To amend a pleading after the scheduling order deadline, the Court is entitled to apply the heightened good cause standard of Rule 16 before considering whether the requirements of Rule 15(a)(2) are met. *Alioto*, 651 f.3d at 719 (citing Federal Rule of Civil Procedure 16(b)(4)). Rule 16's good cause standard primarily considers the diligence of the party seeking the amendment to determine whether good cause has been established. *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). The diligence required to amend a pleading pursuant to Rule 16(b) "is not established if delay is shown and the movant provides no reason, or no good reason, for the delay." *Design Basics, LLC v. Kerstiens Home & Designs, Inc.*, No. 1:16-cv-726-TWP-MPB, 2018 WL 1241994, at *2 (S.D. Ind. Mar.

4

9, 2018) (citing *Alioto*, 651 F.3d at 719). "Lack of undue prejudice or surprise to the nonmoving party is insufficient to establish good cause under Rule 16(b)." *DR Distribs., LLC v. 21 Century Smoking, Inc.*, No. 12 CV 50324, 2019 WL 556496, at *4 (N.D. Ill. Feb. 12, 2019).

"Ultimately, 'the decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.'" *Id.* (quoting *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002)).

### IV.   Discussion

The Plaintiff seeks leave of the Court to amend his complaint to substitute the United States of America for Defendant Shepherd. (Dkt. 70). He argues that because he was erroneously led to believe that Dr. Shepherd was a Bureau of Prisons employee rather than a United States Public Health Service employee, the statute of limitations should be equitably tolled to permit him to amend. The Defendants respond that equitable tolling is not appropriate here, and that even if it were applied the Plaintiff's proposed complaint would still be untimely under the FTCA. (Dkt. 71).

Neither party, however, addresses the implications of Federal Rule of Civil Procedure 16 on the present motion. Although the parties briefly address the applicability of Rule 15, the Court finds, as discussed above, Rule 16 to be the appropriate place to start the analysis. Here, the Case Management Plan set a deadline of February 5, 2019 for amending all pleadings. (Dkt. 34 at 2; Dkt. 63 at 2). Plaintiff's motion for leave to amend was filed on September 27, 2019, almost eight

5

months after the deadline had passed. (Dkt. 70). Thus, the Court must determine whether the Plaintiff has shown "good cause" for failing to meet the deadline agreed to by the parties and set out in the Case Management Plan. *See* Fed. R. Civ. P. 16(b).

The Plaintiff argues that he believed Defendant Shepherd to be a Bureau of Prisons employee, based upon the representations made by AUSA Woods in her various filings with the Court. (Dkt. 77 at 3). A review of the record confirms that counsel for the Defendants did misrepresent Defendant Shepherd's employment status both in a filing on August 6, 2018 and on October 2, 2018, wherein she indicated that all Defendants were "current and former Bureau of Prisons employees." (Dkts. 18, 21). With the filing of the Proposed Case Management Plan on November 5, 2018, however, that misrepresentation was corrected: Defendant Shepherd is expressly noted to be "a Captain in the Public Health Services" and "immune from liability."1 (Dkt. 34 at 2). It is at this moment that the Plaintiff was first on notice that Defendant Shepherd was an employee of the Public Health Services and not of the Bureau of Prisons, and that his complaint would need to be amended if he wanted to pursue a claim for Defendant Shepherd's alleged tort actions.

Thus, Plaintiff was made aware, prior to the deadline for pleading amendments on February 5, 2019, that an amendment would be required. Yet,

---

1 42 U.S.C. § 233(a) grants absolute immunity to Public Health Service officers for actions arising out of the performance of medical, surgical, dental, or related functions within the scope of their employment. The only remedy for recovery from a Public health Services officer lies in an FTCA action. *Hui v. Castaneda*, 559 U.S. 799, 802 (2010).

Plaintiff waited almost eleven (11) months before filing the present motion to amend the complaint. Apart from noting the misrepresentations of the Defendants' counsel, the Plaintiff's briefing is devoid of any argument that demonstrates due diligence to move for an amendment of the complaint. By failing to show due diligence, the Plaintiff, by extension, fails to demonstrate good cause and the Court is not required to consider the Plaintiff's Rule 15 argument. Nevertheless, the Court will briefly explain why that Rule 15 argument also fails.

Even if the Court assumes that good cause existed under Rule 16 for the Plaintiff to have missed the February 5, 2019 deadline for amending pleadings, because he was not made aware of the necessary information until June or August 2019, the Plaintiff must still demonstrate that this amendment is not the product of undue delay under Rule 15. The Plaintiff argues that Defendant Shepherd's employment status was not made clear until Defendant Shepherd responded to the Plaintiff's discovery requests on June 10, 2019 and testified at his deposition on August 13, 2019. (Dkt. 77 at 4). The Plaintiff provides no additional explanation for why it took him at best six or at worst fourteen weeks to file his motion to amend the complaint after learning that Defendant Shepherd was actually employed by the Public Health Service. No matter which date the Court looks to in evaluating whether the Plaintiff acted with due diligence, the Plaintiff fails.

Although it is true that the Plaintiff diligently pursued this claim in filing his administrative claim and the original complaint, the Court does not find that the Plaintiff acted with due diligence in seeking to amend his complaint to address

7

Defendant Shepherd's employment. Accordingly, the Court finds that the Plaintiff has failed to establish good cause, and the Court **DENIES** the Plaintiff's request to amend his complaint to substitute the United States of America for Defendant Shepherd.

## V. Conclusion

For the reasons detailed herein, the Court hereby **DENIES** Plaintiff's Motion for Leave to File First Amended Complaint, Dkt. [70].

So ORDERED.

Date: 3/23/2020

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:
All ECF-registered counsel of record via email.